FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAYLENA ROGERS, | No. 11-15575 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-01972-JLT |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, Magistrate Judge, Presiding

Submitted July 18, 2012[**]
San Francisco, California

Before:    CLIFTON and MURGUIA, Circuit Judges, and COLLINS, District
           Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Appellant's motion to
submit the case on the briefs is granted.

[***]    The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

Raylena Rogers appeals from the district court's judgment affirming the Commissioner of Social Security's denial of her application for supplemental security income benefits under Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review de novo a district court's judgment upholding the denial of social security benefits. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). We must affirm the denial of benefits unless it is based on legal error or the findings of fact are not supported by substantial evidence. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

Rogers contends the ALJ erred in evaluating two reports from Ronald Portnoff, M.D., a consulting orthopedic specialist who examined Rogers in July 2007 and September 2008. An ALJ must give clear and convincing reasons for rejecting the uncontroverted opinion of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Here, the ALJ did not reject Dr. Portnoff's opinion. Dr. Portnoff's 2007 report reflected Rogers's temporary orthopedic condition before she became medically stationary. It was not probative of Rogers's residual functional capacity ("RFC"). The ALJ's RFC assessment was consistent with Dr. Portnoff's 2008 evaluation. Accordingly, the ALJ did not err in evaluating Dr. Portnoff's reports.

Rogers contends the ALJ erred in evaluating the report of Ekram Michiel, M.D., a consulting psychiatric specialist who examined Rogers in October 2006. The ALJ gave little weight to Dr. Michiel's statement that Rogers might be unable to deal with the usual stress encountered in the workplace. The ALJ discounted Dr. Michiel's statement because it was equivocal, conclusory, unsupported by clinical findings, and inconsistent with the record as a whole. The ALJ's reasons are clear and convincing. *See Lester*, 81 F.3d at 830; *see also Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (when evidence supports more than one rational interpretation, courts defer to the Commissioner's decision); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (an ALJ need not accept the opinion of a physician that is conclusory and inadequately supported by clinical findings).

Rogers contends the ALJ erred in evaluating the reports of A. H. Middleton, M.D., an agency psychiatrist who reviewed the case record but did not examine Rogers. Dr. Middleton prepared a psychiatric review technique form ("PRTF") indicating Rogers had moderate impairment in broad functional areas used at steps two and three of the sequential disability-determination process. The ALJ's findings at steps two and three are consistent with moderate impairment in the broad functional areas addressed on the PRTF. Dr. Middleton also prepared a

mental residual functional capacity form ("MRFC") indicating Rogers was moderately limited in the abilities to understand, remember, and carry out detailed instructions and to respond appropriately to changes in the work setting. The ALJ's RFC assessment is consistent with Dr. Middleton's MRFC, because the ALJ found Rogers could perform work limited to simple routine tasks performed in unskilled work. Accordingly, the ALJ did not err in evaluating Dr. Middleton's statements.

Rogers also contends the ALJ's RFC assessment was erroneous because it did not include limitations addressing social functioning. At step three, the ALJ did find that Rogers had moderate difficulties in the broad functional area of social functioning. In her RFC assessment, however, the ALJ found that, despite Rogers's moderate difficulties in social functioning, Rogers did not have significant limitations in any concrete work-related abilities that would prevent her from performing simple routine tasks involved in unskilled jobs. The RFC assessment is consistent with the limitations in work-related abilities identified in the statements of Drs. Middleton and Michiel. Accordingly, the RFC assessment adequately captured all of Rogers's limitations. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (the RFC assessment adequately captures

restrictions in broad functional areas if it is consistent with the concrete limitations in the medical opinions).

Rogers also challenges the vocational expert's testimony because the ALJ failed to include a limitation on social functioning in the hypothetical assumptions used to elicit the expert's testimony. The ALJ used hypothetical assumptions that accurately reflected the RFC assessment. The ALJ was not required to include additional limitations not supported by the record. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001).

The ALJ applied the proper legal standards and her findings are supported by substantial evidence in the record as a whole. Accordingly, the judgment of the district court is **AFFIRMED.**